**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LAURA BEDFORD,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **WYETH PHARMACEUTICALS, INC.,** | : | **No. 08-5539** |
| **Defendant.** | : | |

**MEMORANDUM AND ORDER**

**Schiller, J.** **March 17, 2009**

Plaintiff Laura Bedford brings this action against her former employer, Defendant Wyeth Pharmaceuticals, Inc. ("Wyeth"), asserting that Wyeth discriminated and retaliated against her. Currently before the Court is Wyeth's motion to dismiss Plaintiff's retaliation claim. For the following reasons, Wyeth's motion is granted and Plaintiff's retaliation claim is dismissed.

## I. BACKGROUND

Plaintiff, a caucasian woman, was a Senior Administrative Specialist/Project Coordinator at Wyeth from March 13, 1989 through June 28, 2007, when she was terminated. (Am. Compl. ¶¶ 14-16.) Sometime in early 2007, Wyeth began to outsource its invoicing to India, which allegedly "caused significant problems for Plaintiff." (*Id.* ¶¶ 17-18.) According to Plaintiff, "the information coming from India was always muddled and incomplete." (*Id.* ¶ 18.) Plaintiff therefore "complained that Defendant should keep its jobs in the United States and not outsource them." (*Id.* ¶ 19.) She also "indicated that she believed that Defendant's policy of outsourcing jobs to India discriminated against American employees on the basis of their national origin." (*Id.* ¶ 20.)

On June 18, 2007, Plaintiff was suspended, pending an investigation, after some of her

personal mail was found intermixed with company mail. (*Id.* ¶ 21.) Plaintiff was ultimately terminated on June 28, 2007, however, male employees who committed similar offenses were not terminated. (*Id.* ¶¶ 22-23.)

Relying on these facts, Plaintiff alleges that Wyeth discriminated against her based on her gender. Plaintiff also alleges that Wyeth retaliated against her after she complained that its outsourcing policies discriminated against American employees based on race and national origin.[1] Wyeth's motion to dismiss attacks Plaintiff's retaliation claim for failure to allege a *prima facie* case of retaliation.

## II. STANDARD OF REVIEW

A court reviewing a motion to dismiss, pursuant to Rule 12(b)(6), must accept the complaint's allegations as true, read those allegations in the light most favorable to the plaintiff, and determine whether a reasonable reading indicates that relief may be warranted. *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Although the federal rules impose no probability requirement at the pleading stage, a plaintiff must present "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a cause of action. *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2007); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). Simply reciting the elements will not suffice. *Phillips*, 515 F.3d at 231. Furthermore, a court need not accept "unsupported conclusions and unwarranted inferences or a legal conclusion couched as a factual allegation." *Baraka v. McGreevy*,

---

[1] Plaintiff's initial Complaint included a claim for discrimination based on race and national origin. In response to a prior motion to dismiss, Plaintiff dropped this claim.

481 F.3d 187, 195 (3d Cir. 2007) (internal quotations and citation omitted).

## III. DISCUSSION

Title VII's antiretaliation provision prohibits an employer from discriminating against an employee "because he has opposed any practice made an unlawful employment practice [by Title VI]" or "because he has made a charge, testified, assisted, or participated in any manner in [a Title VII] investigation, proceeding, or hearing." 42 U.S.C. § 2000e-3(a) (2009). To establish a *prima facie* case of Title VII retaliation, "a plaintiff must demonstrate that: (1) she engaged in activity protected by Title VII; (2) the employer took an adverse employment action against her; and (3) there was a causal connection between her participation in the protected activity and the adverse employment action." *Nelson v. Upsala College*, 51 F.3d 383, 386 (3d Cir. 1995).

Wyeth contends that Plaintiff cannot meet the first prong of this inquiry because outsourcing jobs does not constitute Title VII discrimination, irrespective of Plaintiff's labels to the contrary. Plaintiff counters that whether Title VII expressly prohibits outsourcing is irrelevant because she has stated a claim by pleading that she "'believed that Defendant's policy of outsourcing jobs to India discriminated against American employees on the basis of national origin.'" (Pl.'s Mem. of Law in Resp. to Def.'s Mot. to Dismiss at 6-7 (quoting Am. Compl. ¶ 20).)

To establish that he engaged in protected activity, "a plaintiff need not prove the merits of the underlying discrimination complaint, but only that he was acting under a good faith, reasonable belief that a violation existed." *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1085 (3d Cir. 1996) (internal quotations omitted). A plaintiff's belief that a defendant's behavior violated Title VII must be *objectively* reasonable. *Moore v. City of Phila.*, 461 F.3d 331, 341 (3d Cir. 2006); *see*

*also Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 271 (2001). "If a plaintiff opposed conduct that was not proscribed by Title VII, no matter how frequent or severe, then his sincere belief that he opposed an unlawful practice cannot be reasonable." *Hamner v. St. Vincent's Hosp. and Health Care Ctr.*, 224 F.3d 701 (7th Cir. 2000).

It is clear from the Amended Complaint that outsourcing provides the sole basis for Plaintiff's belief that Wyeth violated Title VII. However repugnant outsourcing of jobs may be to Plaintiff, such activity in this context is not cognizable under Title VII. *See Freilich v. Upper Chesapeake Health, Inc.*, 313 F.3d 205, 217 (4th Cir. 2002) (finding plaintiff who claimed that her hospital privileges were revoked because she complained that outsourcing of quality assurance and quality oversight for dialysis patients led to improper standard of care failed to state claim: "[Plaintiff] could not . . . reasonably believe that her disagreement with [her employer] over the expenditure of hospital resources constituted a violation of the ADA."). Furthermore, Plaintiff's allegation of national origin discrimination runs too far afield of the language and intent of Title VII for a reasonable person to believe that a Title VII violation has been committed. Accordingly, Plaintiff's belief that Wyeth's outsourcing equated to a Title VII violation is unreasonable and cannot support a retaliation claim.

## IV. CONCLUSION

Because Plaintiff has failed to state a *prima facie* case of retaliation, her retaliation claim must be dismissed. An appropriate Order follows.

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **LAURA BEDFORD,** | : | |
| **Plaintiff,** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **WYETH PHARMACEUTICALS, INC.,** | : | **No. 08-5539** |
| **Defendant.** | : | |

**ORDER**

**AND NOW**, this **17th** day of **March, 2009**, upon consideration of Defendant's Motion to Dismiss Count II of Plaintiff's Amended Complaint and Plaintiff's response thereto, and for the foregoing reasons, it is hereby **ORDERED** that:

1. Defendant's motion (Document No. 10) is **GRANTED**.
2. Count II of Plaintiff's Amended Complaint is **DISMISSED**.
3. Defendant's Motion for Leave to File a Reply Memorandum (Document No. 13) is **DENIED as moot**.

**BY THE COURT:**

**Berle M. Schiller, J.**